**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000048
13-FEB-2012
08:28 AM**

NO. CAAP-10-0000048


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
KEITH MITCHELL, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 08-1-1475)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Defendant-Appellant Keith Mitchell (Mitchell) appeals from the September 14, 2010 judgment of the Circuit Court of the First Circuit (circuit court),[1] entered upon a jury verdict convicting him of Promoting a Dangerous Drug in the Third Degree, in violation of Hawaii Revised Statutes (HRS) § 712-1243 (Supp. 2011), and one count of Promoting a Harmful Drug in the Fourth Degree, in violation of HRS § 712-1246.5 (1993).

On appeal, Mitchell contends that the circuit court erred by not instructing the jury that the existence of a prescription for the controlled substances was a defense to the charges. He also contends his public defender provided ineffective assistance at trial.

Mitchell testified that he had a prescription for oxycodone but not for the carisoprodol at the time of his arrest. The State concedes on appeal that the circuit court's failure to

_____

[1] The Honorable Michael A. Town presided.

instruct the jury on the prescription defense offered by HRS § 712-1240.1 (Supp. 2011)[2] was erroneous, because Mitchell's testimony was sufficient to raise that defense. The circuit court itself noted that a prescription is a "perfect defense" to drug possession charges. We agree that Mitchell was entitled to the instruction, because the prescription was a defense to the Promotion of a Dangerous Drug charge. See State v. Kikuta, 125 Hawai'i 78, 90, 253 P.3d 639, 651 (2011). However, given that Mitchell testified that he did not have a prescription for carisoprodol on the date of his arrest but rather had been given the tablets by a friend, he was not entitled to the instruction as it related to the Promoting a Harmful Drug charge. See HRS § 701-115(2) (1993) ("[n]o defense may be considered by the trier of fact unless evidence of the specified fact or facts has been presented").

We next consider "whether the court's failure to instruct on [the defense] was harmless beyond a reasonable doubt." State v. Stenger, 122 Hawai'i 271, 281, 226 P.3d 441, 451 (2010). The State concedes that it cannot make a good faith argument that the lack of the instruction was harmless beyond a reasonable doubt as to the Promoting Dangerous Drug count. After a careful review of the record, we conclude that the failure to instruct on the defense could reasonably be deemed to have contributed to Mitchell's conviction on that count, and therefore the lack of instruction was not harmless beyond a reasonable doubt. We vacate his conviction for Promotion of a Dangerous Drug in the Third Degree and remand for new trial and as a result

---

[2]     HRS § 712-1240.1 (1), currently reads, as it did at the time of the offenses charged:

> It is a defense to prosecution for any offense defined in this part that the person who possessed or distributed the dangerous, harmful, or detrimental drug did so under authority of law as a practitioner, as an ultimate user of the drug pursuant to a lawful prescription, or as a person otherwise authorized by law.

need not address Mitchell's ineffective assistance of counsel claim as to this count.

However, we must address Mitchell's claims of ineffective assistance of counsel as they relate to the Promotion of a Harmful Drug charge. A party claiming ineffective assistance of counsel must point to "specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence" and demonstrate those errors "resulted in either the withdrawal or substantial impairment of a potentially meritorious defense." State v. Wakisaka, 102 Hawai'i 504, 514, 78 P.3d 317, 327 (2003) (internal quotation marks and citation omitted). "General claims of errors or omissions are not sufficient to trigger review." State v. Uyesugi, 100 Hawai'i 442, 464, 60 P.3d 843, 865 (2002).

Mitchell fails to allege specific objections that trial counsel should have made to the State's arguments, testimony, or evidence. He offers no legal basis to suppress the evidence obtained at the scene or Mitchell's statements to police. He fails to demonstrate that trial counsel's conduct during cross-examination showed a lack of skill, judgment, or diligence. He fails to demonstrate that trial counsel's decision to waive opening statements was something other than a tactical one, which we will not second-guess in hindsight. See State v. Gutierrez, 1 Haw. App. 268, 270, 618 P.2d 315, 317 (1980).

Contrary to Mitchell's argument, the record indicates that trial counsel did "follow up" with the subpoena of a pharmacy's records, but that subpoena produced no records. To the extent that Mitchell alleges that trial counsel should have further investigated to locate Mitchell's doctor or a prescription, we can infer that such investigation would have been fruitless where Mitchell admits that he had no prescription for carisoprodol at the time of his arrest. Furthermore, trial counsel's failure to request an instruction on the prescription defense did not cause the withdrawal or substantial impairment of a potentially meritorious defense to the Promotion of a Harmful

Drug charge, because Mitchell failed to adduce evidence to support such a defense.

Because Mitchell did not meet his burden of proof, his ineffective assistance of counsel claim fails as to the Promoting a Harmful Drug charge.

Therefore,

IT IS HEREBY ORDERED that the Circuit Court of the First Circuit's September 14, 2010 judgment is affirmed in part and vacated in part. We affirm Mitchell's conviction of Promotion of a Harmful Drug in the Fourth Degree, vacate the conviction of Promotion of a Dangerous Drug in the Third Degree, and remand for proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawai'i, February 13, 2012.

On the briefs:

Tae Won Kim,
for Defendant-Appellant.

Chief Judge

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu
for Plaintiff-Appellee.

Associate Judge

Associate Judge